UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| JAMES E. MATHEWS ) | |
| ) | |
|     *Petitioner*, ) | |
| ) | |
| v. ) | No.: 3:11-cv-585 |
| ) | (VARLAN/SHIRLEY) |
| BRUCE WESTBROOKS, Warden ) | |
| ) | |
|     *Respondent*. ) | |

**MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner James E. Mathews ("petitioner"). The matter is before the Court on the motion for summary judgment filed by the respondent and petitioner's response thereto, the motion for summary judgment filed by the petitioner, and various non-dispositive motions filed by the petitioner. For the following reasons, the motion for summary judgment filed by the respondent [Doc. 32] will be **GRANTED**, the motion for summary judgment filed by the petitioner [Doc. 43] will be **DENIED**, and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

    Petitioner challenges the revocation of his parole. He claims his parole was revoked based upon false affidavits of complaint filed by Officer Joseph Mattina, which charged him with theft, vandalism, driving on a revoked license, and evading arrest. In support of his motion for summary judgment, the respondent has provided the Court with copies of documents from the Tennessee Board of Probation and Parole file relating to petitioner's

parole revocation and his appeal of that decision. [Doc. 33, Notice of Filing Documents, Addendum 1].

These documents show that petitioner was paroled on December 23, 2009. The charges which resulted in the revocation of parole occurred on or about December 24, 2010. The warrant for petitioner's arrest for parole violation was served January 13, 2011. His probable cause hearing for revocation of parole was initially scheduled for January 27, 2011, and rescheduled for July 20, 2011. The Board revoked petitioner's parole based upon the aforementioned charges as well as his failure to report his December 24, 2010, arrest; his failure to tell the arresting officer that he was on parole; and his engaging in threatening behavior at the time of his arrest. [*Id.*, p. 2]. Petitioner appealed the revocation of parole, and his appeal was denied on November 3, 2011, after review by the Director of Parole Hearings. [*Id.* at 19-25].

In the meantime, the Knox County Sessions Court dismissed the underlying charges of theft, vandalism, and evading arrest against petitioner on March 15, 2011, because a witness failed to identify petitioner. [*Id.* at 12-17]. Based upon documents submitted by petitioner in response to the motion for summary judgment, it appears that he was subsequently indicted on the theft, vandalism and evading arrest charges, to which he entered a best-interest plea on December 3, 2012. Prior to that time, on July 17, 2012, petitioner was denied parole at a parole review hearing. He appealed the denial of parole and the appeal was denied on December 19, 2012; petitioner allegedly filed on January 26, 2013, a petition

2

for writ of certiorari in the Chancery Court for Davidson County, Tennessee, from the denial of his appeal. [Doc. 35, Response, Attachments 1-12].

The respondent moves for summary judgment based upon petitioner's failure to exhaust his available state court remedies and procedural default. The doctrine of procedural default is an extension of the exhaustion doctrine. A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254.

It is well established that a criminal defendant who fails to comply with state procedural rules which require the timely presentation of constitutional claims waives the right to federal habeas corpus review of those claims "absent a showing of cause for the non-compliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). *Accord Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("We reaffirm, therefore, that any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief.").

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991).

The decision by the Tennessee Board of Probation and Parole to revoke parole is "only reviewable through the common-law writ of certiorari." *Strader v. Traughber*, 2008 WL 5204431 at *2 (Tenn. Ct. App. Dec. 11, 2008) (citing *Miller v. Tennessee Board of Paroles*, 1999 WL 43263 (Tenn. Ct. App. Feb. 1, 1999)); *see also* Tenn. Code Ann. § 27-9-101 *et seq*. (providing the procedure for review of orders of Tennessee boards). A person seeking review of a Tennessee state board's decision "shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county" where the petitioner or a defendant resides. Tenn. Code. Ann. § 27-9-102. The denial of the writ of certiorari is appealable as of right to the Tennessee Court of Appeals. *Id*., § 29-9-112.

The respondent contends there is nothing in the record to show that petitioner filed for a writ of certiorari after the denial of his appeal on November 3, 2011. Counsel for respondent states that he cannot locate any record that petitioner did so. For that reason, respondent moves for summary judgment for failure to exhaust and procedural default.

In response, petitioner contends that his habeas petition should not be dismissed because he has now filed a writ of certiorari in the Chancery Court for Davidson County, Tennessee, and is thus in the process of exhausting his state remedies. Based upon the documents provided by petitioner, however, the writ of certiorari he claims to have filed in

4

the Davidson County Chancery Court pertains to the denial of his appeal on December 19, 2012, from the denial of parole after a parole review hearing in July, 2012. The pending habeas corpus petition, on the other hand, concerns the revocation of petitioner's parole in July, 2011, and the denial of his appeal of that decision on November 3, 2011. It is too late for petitioner to file for a writ of certiorari as to the revocation proceedings in 2011.

Petitioner failed to exhaust his available state court remedies prior to filing his habeas corpus petition and has thus procedurally defaulted the claims raised in the petition. Accordingly, the petitioner's motion for summary judgment will be **DENIED** and the respondent's motion for summary judgment will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE